William S. Calli, Esq. County Attorney, Oneida County
You ask whether a county may charge prisoners for the cost of their maintenance in the county jail.
Section 500-c of the Correction Law requires the sheriff to take custody of and receive and keep in the county jail every person lawfully committed to his custody. Each county is required to maintain a county jail as prescribed by law (County Law, § 217). Prisoners detained for trial and those under sentence at a county jail must be provided food at county expense (Correction Law, § 500-d). As specified in section614 of the Correction Law, under certain circmstances civil prisoners are detained in the county jail at their own expense. The State is required to pay a part or all of the cost of maintaining and transporting certain prisoners (cf. Correction Law, §§ 601-b, 601-c,602).
These requirements that counties pay the cost of maintaining prisoners in jails are general laws as defined in the Municipal Home Rule Law, that is, a State statute that "in terms and in effect applies alike to all counties" or all counties outside New York City (§ 2 [5]). Counties may enact local laws within the areas of power delegated to them by that law but only if the local law is not inconsistent with a general law (§ 10 [1]). Thus, there is no power to supersede these requirements by a local law charging prisoners for the cost of their maintenance.
We recognize that Oneida County is a charter county and that it has a charter power to supersede a general law. Under Part 1 of Article 4 of the Municipal Home Rule Law, a county may adopt a charter that provides for a form of county government different from that provided by the County Law, which is a general "charter" for county governments. Once a county has a charter, the county may amend its charter by local laws known as "charter laws" (§ 32 [2]). This power to adopt and amend charters provided for in Part I of Article 4 omits any requirement that a charter law be consistent with all general laws. This omission was designed to permit counties adopting and amending charters to supersede those general laws that spell out the structure of county government — that is, those laws that, taken together, constitute the elements of a county government. The omission was not designed to grant charter counties complete power to supersede general laws covering county government.
We endorse the position taken by the State Comptroller that the charter law power granted by section 33 of Part 1 of Article 4 is restricted. Section 33 empowers:
 "counties to design or adopt alternative forms of county government. It allows powers to be transferred from one unit of government to another in such an alternative form, but it does not authorize a county simply to confer upon itself new powers not previously available to the county or the units of government contained in the county. Section 33 directs that a county charter shall set forth `the structure of the county and the manner in which it is to function' (emphasis added), and goes on to list (in that and subdivisions 3 and 4) a number of mandatory and permissive subjects to be provided for in the charter. Nowhere in that section do we find authority for a county to assume by charter a substantive power not otherwise vested either in the county or in the units of government from which a power may be transferred to the county" (Opn No. 80-302, August 26, 1980).
In our view, a charter county cannot use its section 33 charter law power to supersede either the cited sections of the Correction Law or section217 of the County Law.
We conclude that the cost of maintaining prisoners at a county jail is a county expense. Certain costs are to be paid in whole or in part by the State or the prisoner.